IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELE GARCIA,

    Plaintiff,

vs.                                             No. CIV 95-172 JP/JHG

AEROTHERM CORP.,
a foreign corporation,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

On February 26, 1998, a jury returned a verdict of $223,000 on Plaintiff's claim of defamation, $223,000 on Plaintiff's claim of false light invasion of privacy, and $223,000 on Plaintiff's claim of intentional infliction of emotional distress. The jury returned the verdicts on three separate verdict forms, one related to each of Plaintiff's three separate theories. On March 2, 1998, the trial judge entered a judgment in the total amount of $669,000 in favor of the Plaintiff. Defendant then filed on March 16, 1998 a motion seeking three forms of relief from the jury verdict:

    1.    A request for judgment as a matter of law under FED. R. CIV. P. 50; or

    2.    A motion for a new trial under FED. R. CIV. P. 59(a); or

    3.    A motion to alter or amend the judgment by granting a remittitur under FED. R. CIV. P. 59(e).

The judge who presided over the trial granted Defendant's motion under FED. R. CIV. P. 50 for judgment as a matter of law on each of Plaintiff's three separate claims of liability.

Prior to submitting the issues to the jury, the trial judge granted judgment as a matter of

law under FED. R. CIV. P. 50(a) in favor of Defendant on Plaintiff's claims of punitive damages.

Plaintiff appealed and on December 1, 1999 the United States Court of Appeals for the Tenth Circuit entered an Order and Judgment reversing the rulings of the trial judge that granted judgment as a matter of law on Plaintiff's three separate claims of liability – defamation, false light invasion of privacy, and intentional infliction of emotional distress – and on Plaintiff's claims for punitive damages relating to her three claims of liability. The Court of Appeals remanded the case to the District Court:

1. For a ruling on Defendant's motion for new trial under Rule 59(a); and
2. For a trial on the issue of punitive damages even if Defendant's motion for new trial is denied.

This Court has now considered the Order and Judgment of the United States Court of Appeals for the Tenth Circuit, the motion by Defendant for a new trial and related briefs, and relevant parts of the court file and the trial transcript. The Court concludes that Defendant's motion for new trial under Rule 59(a) should be granted and that the case should be scheduled for trial on Plaintiff's claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress, and Plaintiff's request for punitive damages. The Court has scheduled a pretrial conference on April 12, 2000 at 8:15 a.m., Second Floor Courtroom, United States Courthouse, Las Cruces, New Mexico, and will, after discussion with the parties, set a new trial date.

In the brief filed in support of Defendant's motion for new trial, Defendant pleaded three grounds for its motion:

1. The verdicts in favor of the Plaintiff were against the weight of the evidence;

2

2. The damages awarded were excessive;

3. The trial was not fair to the Defendant by reason of statements made by Plaintiff's counsel to the jury in opening statement.

"The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving . . ." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 180, 251 (1940).

Verdicts Against the Weight of the Evidence.

The Order and Judgment of the Court of Appeals identified the evidence which, in combination, and viewed in the light most favorable to the Plaintiff, comprised substantial evidence in support of the jury's verdict. When there is substantial evidence supporting a jury verdict, judgment as a matter of law under FED. R. CIV. P. 50 setting aside the jury verdict would not be appropriate. "The standard for determining whether to grant a motion for a judgment n.o.v., as for a directed verdict, is not whether there is literally no evidence to support the party opposing the motion, but whether there is evidence upon which the court could properly find a verdict for that party." *Brown v. McGraw-Edison Co.,* 736 F.2d 609, 612-13 (10th Cir. 1984). "In reviewing the grant or denial of a motion for a judgment n.o.v., we may not weigh the evidence, pass on the credibility of witnesses, or substitute our judgment for that of the jury." (Citation omitted). Rather, we must view the evidence most favorably to the party against whom the motion is made and give that party the benefit of all reasonable inferences." *Id.* at 615. In contrast, the standard for granting a motion for new trial under FED. R. CIV. P. 59(a) is quite different and much more lenient. "A motion for a new trial made on the ground that the verdict of

3

the jury is against the weight of the evidence normally presents a question of fact and not of law and is addressed to the discretion of the trial court." *Id.* at 616. In reviewing a Rule 59 motion for new trial, the Court must decide whether the jury's verdict is "clearly" or "decidedly" or "overwhelmingly" against the weight of the evidence. *Id.* at 615. Having considered all of the evidence, not just that which supports the jury's verdict read in the light most favorable to the Plaintiff, I conclude that the jury's verdicts were decidedly against the weight of the evidence.

Excessive Damages.

The maximum actual damages (lost wages, past and future medical expenses, and lost business profits) shown by the evidence total just under $80,000. Hence, almost $600,000 of the judgment was for intangible damages such as pain and suffering, emotional distress, and loss of enjoyment of life. Although to be falsely accused of using the drug cocaine while at work with consequent damage to reputation and loss of respect in the eyes of co-workers unquestionably is traumatizing, an award of almost $600,000 for that seems excessive. The Court is troubled by the fact that the jury returned a verdict in the precise amount – $223,000 – on each of Plaintiff's three claims even though the jury instructions regarding matters to be considered in regard to the defamation claim and false light claim were different from those the jury could consider with respect to the intentional infliction of emotional distress claim. It seems unusual that a jury would end up with the identical very large amount of damages for each of the three claims of liability. There appears to be a strong implication that the jury may have felt that all damages Plaintiff suffered – for being defamed, for being cast in a false light, and for being the victim of infliction of emotional distress – in combination totaled $223,000. That amount would seem much more reasonable for Plaintiff's total damages, especially when the maximum actual damages supported

4

by the evidence is somewhat less than $80,000. The Court notes that the jury was not cautioned in the instructions to avoid awarding duplicative damages.[1] The Court is further troubled by the fact that the large amount of the verdict may reflect an effort by the jury to punish Defendant for the misconduct of its employee, Gloria Bouldin, even though the jury was not instructed to separately consider an award of punitive damages. At a new trial, the jury will be afforded an opportunity to consider punitive damages under instructions that will clearly guide a jury in determining whether to award punitive damages and in what amount. With the jury being given an opportunity to address, specifically, the issue of punitive damages, the risk that compensatory damages awarded by a jury might include some damages intended to punish as well as to compensate should not arise in a new trial.

<u>Trial Was Not Fair to the Defendant</u>.

The Court is convinced that statements made by counsel for the Plaintiff in his opening statement to the jury resulted in a trial that was unfair to the Defendant, even though the jury was instructed that statements of counsel are not evidence. Opening statement is a critical phase of trial. It is the point at which jurors are first told about what the evidence will be. When counsel for the Plaintiff told the jury about the expected testimony of the Plaintiff's mother regarding highly inflammatory statements made to her by Defendant's employee, Gloria Bouldin, he did not

---

[1] At the retrial, the Court likely will give the following standard instruction on this subject:

> You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on more than one of plaintiff's claims and establishes a dollar amount for plaintiff's injuries, you must not award the plaintiff any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than plaintiff has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all injuries.

5

state in summary fashion what he expected the mother to testify. Instead, he related to the jury supposedly precise quotations of extreme statements made to the mother by the Defendant's employee, Gloria Bouldin. However, the Plaintiff's mother never testified. She was the only witness who could have described precisely what Gloria Bouldin said to her over the telephone. Although at the end of the trial in closing arguments counsel for the Plaintiff told the jury that Plaintiff's mother had become sick and therefore was unable to testify for the jury, it is very likely this statement did not erase from the jurors' minds the strong impact of the supposedly direct quotations of very damaging statements by Gloria Bouldin which counsel, during opening statement, told the jury had been made to the Plaintiff's mother.

In conclusion, the weight of the evidence being against the verdicts, the excessiveness of the damages awarded, and the unfair, prejudicial information provided at the beginning of the trial to the jury in opening statement require the granting of a new trial on all of Plaintiff's claims.

IT IS THEREFORE ORDERED THAT:

1. Defendant's motion for new trial under FED. R. CIV. P. 59(a) is granted; and

2. A pretrial conference is scheduled on April 12, 2000 at 8:15 a.m., Second Floor Courtroom, United States Courthouse, Las Cruces, New Mexico; and

3. The scheduling of a trial of all of Plaintiff's claims, including punitive damages, will be discussed at the pretrial conference.

_____
UNITED STATES DISTRICT JUDGE